Morris Dayaka
FULL NAME

Rickey Louis Alford
COMMITTED NAME (if different)

10728 South Central Ave
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Los Angeles, CA 90059
cell (213) 271-0653
PRISON NUMBER (if applicable)



FILED
CLERK, U.S. DISTRICT COURT

JAN 1 2 2023

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Morris Dayaka
Rickey Louis Alford
                              PLAINTIFF,

v.

Rob Bonta, California
Attorney General   DEFENDANT(S).

CASE NUMBER  2:23-CV-00262-FMOx
*To be supplied by the Clerk*

**CIVIL RIGHTS COMPLAINT**
**PURSUANT TO** *(Check one)*
☐ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes   ☐ No

2. If your answer to "1." is yes, how many? _____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   Day/Alford vs. Andre Birotte, Jr, US Judge, et al
   Docket No. 2:22-cv-08196 MWF-JEM
   Day/Alford vs. Alka Sagar, et al Docket 22-0822,
   US Dist Magistrate
   I'm working at A.C. Bilbrew Library with the
   Staff going into discussion how the courts
   getting info from Civil Right Complaints and
   attacks especially over the Self-Employment
   remanufacturer or rebuilting engines with high
   expectation $20,000/$90,000/$60,000 per car
   per BMW— working with Bryant and staff
   of two black females — and Thomas as
   well Big "D" Durnell working 204 rourt Metro
   Vermont to Hollywood to recruit for self-employ-
                                                    ment

a. Parties to this previous lawsuit:

Plaintiff _Morris Day aka Rickey Louis Alford of Times Warner - Warner Bros_

Defendants _Rico Andre Birotte, Jr._

b. Court _US District Court, Central Dist of Calif_

c. Docket or case number _No. 2:23-cv-08196_

d. Name of judge to whom case was assigned _being assigned_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _____

f. Issues raised: _$12,000 owned to this writer, SSI back payments, where both Fed Judge Aiken Sagar and Andre Birotte conspired with R. Jenkin SSI payee_

g. Approximate date of filing lawsuit: _pending_

h. Approximate date of disposition _pending_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes    ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☐ Yes    ☐ No

   If your answer is no, explain why not _The Federal Courts are in Treason Art. III, sec 4 overthrow to file Civil Right any and all appeals such Habeas Corpus_

3. Is the grievance procedure completed?  ☐ Yes    ☐ No

   If your answer is no, explain why not _A war exist with all Fed Court, insurrection or rebellion against Const and Law_

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Morris Day aka RL Alford_
(print plaintiff's name)

who presently resides at _10728 South Central Ave L.A CA 90059_
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____
(institution/city where violation occurred)

Treason          Insurrection          42 USC 1383a(a)
on (date or dates) 18 USC 2381 , 14th Amend sec. 3-4 , 55 I Fraud .
                   (Claim I)            (Claim II)              (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than
five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant  Rob Bonta
    (full name of first defendant)                                          resides or works at
    P.O. Box 944255, Sacramento, CA 94244
    (full address of first defendant)
    Attorney General of California
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
Attacking Civil Rights in Treason and attacking
Self-Employment working with BMWs for starters

2.  Defendant  Kesmoth C. Byrne
    (full name of first defendant)                                          resides or works at
    P.O. Box 944255, Sacramento, CA 94244
    (full address of first defendant)
    Deputy Attorney General
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
A Racist Anti-Black-Latino, in Treason
over Fourth & Sixth Amend, 18 USC sec. 2381-88

3.  Defendant  Andre Birotte, Jr.
    (full name of first defendant)                                          resides or works at
    255 East Temple St, L.A Calif 90012
    (full address of first defendant)
    US Dist Judge
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual  ☐ official capacity.

Explain how this defendant was acting under color of law:
A house Negro 'KKK' Neo Nazi Treason to
blacks, Newspapers like Sentinel L.A.

4. Defendant    Alke Sagar _____ resides or works at
(full name of first defendant)

255 East Temple St, L.A. Calif 90012
(full address of first defendant)

U.S. Magistrate
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

A mad psychiatric neuroradiological brain
disease, cancer-tumors in Treason against Const-Law
of USA

5. Defendant    R. Jenkins _____ resides or works at
(full name of first defendant)

Social Security off Washington Blvd LA CA
(full address of first defendant)

SSP Payee Representative
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:

Psychiatric neurological brain disease tumors
cancer in brains in Treason to Const. & Laws of USA

Im at 150 E El Segundo Blvd, Los Angeles
Calif 90061 Phone (310)538-3350, AcBilbrew
Library —— about eight hours a day, working
with Brian, (Latino) and the two Blackwomen
on dailey base: But Ive been attack by the
hated Asian, Jeffrey Sicholeume whos on
the most recently Civil Action —— in a conspiracy
then Asian Fed Judges started ruling on the
Civil Action.—— I do not plan on working with
any Asians, Latinos-Hispanic, Whites rightnow
but no Asians —— Africas Crude-Oil four
billion barrel (2021) and (2022) Nigeria, Angola,
Congos, blacks are controling Gas companys, auto
corporations, gas station and this is only the begaining

**D. CLAIMS***

CLAIM I

The following civil right has been violated:

Rob Bant a member of Ku Klux Klans Neo Nazi advocating Treason, Art. II, sec. 4, especially with Blacks & Latinos, I have in written documentation that we will not have preliminary hearing timely Fourth Amendment to show cause for a trial; that weer kept for any amount of time and theres no Speedy Trail, and Federal Judge Alka Sagar and Andre Birotte Jr. have loss theyer Citizenship in Treason Art. II, sec. 4 Title 18 US C sec. 2381-88, insurrection or rebillion payment to go against Constitutions and Laws as with Bill of Right, First Amendment US Const Freedom to the Press: See New York Times Co vs United States, 403 US 713, 91 S.Ct. 2140 29 L.E2d 822

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Sentinel Newspaper Black L.A., it appear attacked by house Negro Kuklux Klans Neo Nazism Andre Birotte Jr US Dist Judge, and embezzlers frauder, in perjury, R. Jenkins, SSI payee preventing $12,000 back payment SSI payment all going on in Docket No 2:22-cv-08196 and Docket No 2:22-cv-08201 and all the staff Birain (latino); and two black women working A C Bilbrew), can be witnesses, and blacks can not join together to Petition Government Peacefully, Right to Assembly Peacefully; On Nov 3, 2022, the US Marshal attacked this writer given orders by all Fed Judges to prevent from getting Docket Numbers.

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

I'm from the Congos, Democratic Republic and with my people, and see how the war with House Negros like Andre Birotte, Jr. attacking Sentinel Newspaper Black LA, and Times-Warner/Warner Bros. over my doing Morris Day and Time, Purple Rain, it cost me $5,000.00 to get Copyright information — to get One Million Dollors, but thats when I start my Self-Employment auto-repair shop, and the One Million Dollors would go into expansion — which would turn into $20 Million month. I'm not going to the Federal Government for nothing out what the people ask of me. Brian (Latino) and two Black women working AC Bilbrew Library, and Thomas (black), Darnell (Black) both working 204 Rowt, Metro Bus line, would agree on working with, being published in Black Newspaper to promote as well Electric Engines that will not have to be recharge — will come with manufactured recharge able adaptor, or generators, it's been a long time since I worked on Electric Engines, that also produces electricity for homes, bussiness apartments, I have patent design in Trademark. with my family member, children with late Natalie Cole and her family and Freda Pain etc children between us with Porsche-Mercede Benz

Jan 9, 2023
*(Date)*

Morris Day a/a Ricky Lifford
*(Signature of Plaintiff)*

See attached document to Times-Warner and Kinshasa-Times, Democratic Republic Congo

**CIVIL RIGHTS COMPLAINT**

Morris Day aka
Rickey Louis Alford
10728 South Central Ave
Los Angeles, CA 90059
Cell (313) 271-0653


Morris Day ~~aka~~ Times-Warner
60 Columbia Circle
New York, NY 10023
OPSClinet Service @ Warnerbros.com
submission @ warnerchappellpm.com


Kinshaso Times
Democratic Republic of Congos'
http://www.kinshasatimes.cd/
Ministerecord@gmail.com
moyamajoe @ gmail.com
ambassade @ ambardeusa.org

P.5

The enemies: California Attorney General Office
Attorney General Rob Bonta
P.O. Box 944255, Sacramento CA 94244
(916) 322-3360
Rob Bonta in Treason Art. 11, sec. 4
Title 18 USC sec. 2381-2388 in a conspiracy
with Kennith C. Byrne, Dep Attorney General

to overthrow USA, attempt cop, and attack in insurrection or rebellion the Bill of Rights, Ten Constitutions of USA

It appears Rob Bonta will be suied and ask to abolish these Attorney General Office of Ku Klux Klans Neo-Nazis who harassed, retaliated with two federal Judge Alka Sagar and Andre Birotte, Jr. over a complete refusal to abide by the First Ten Constitutions, starting out with the First Amendment, US Const, Right to Petition the Government, such as Habeas Corpus and Civil Right Complaint. 42 USC sec, 1983

A Civil Right Complaint was filed Day/Alford vs. Kennith C. Byrne, Dep. Attorney General Docket No. 22-cv-05465:

P, 7

I rest my case based on pages 15 and 16 on Report and Recommendation of United States Magistrate Judge on Case No Cv 22-5465 AB (As): A Claim was made, statements by the respondent was said by Kennith C. Bryne, who went against

the Sixth Amendment, Speedy Trial
the claim was made, and proven,
18 month incarcerated, kidnaped,
false-imprisonment, false arrest:

The Fed Judge is unethical, unprofessional
acts of the Ku Klux Klan Neo Nazism, a
brain problem looking at neurological,
neuraradiological brain damages, based
on the circumstantial evidential, of
abnormal behavior: See Fraud and
perjury 18 USC 1001, 1621-1623:

The Fourt Amendment (US Const
demand a preliminary hearing, to
show cause that a crime has been
committee, all of which is Treason
Art. II, sec. 4, 18 USC sec 2381-2388:

This house negro Andre Birotte, Jr,
P.3 have it appear attacked Black Newspaper
at Sentine Los Angeles, and Kinsharp
Times, Democratic Republic of Congos,
looking at Treason and Death Penalty
also attacking Times-Cabiner, all
E-mails, a pending issue over Crude
Oil, 4 billion barrels in Nigeria
Angola, Congos (2022):

Working with Germany
   https://my.bmwusa.com
   BMW North America, LLC
   300 chestnut Ridge Road
   Woodcliff Lake, NJ 07677
   Custer. service@bmw.com
    Phone 1-(800) 831-1117


   Contacts — London — International
   Finance Corporation
   E-mail: BGermanetti@ifc.org
   Country manager for Finland, France.
   Iceland and Norway... country
   manage for Israel, Italy, Spain
   and sweden: https://www.ifc.org
    Email: news@thelocal.fr.
P 4

   Contact information: France — WIPO
   Address: 182, rue Saint Honore 7500l
   Paris; Telephone (33 1)40 15 38 59
   Tele Fax (33 1) 40 15 88 45
   E-mail: hugues.ghenassia-de ferran

Munich, Germany
This website is maintained by Bayeri
sche Motoren Werke Aktiengesellschaft
(Petueling 130, 80788 Munich, Germany

The administration staff
Leadership & Governance
(1.) Oliver Zipse appointed new
chairman of the Board of Management
of BMW AG:
(2) Sibylle Wankel, First Representative
and managing Director of IG Metall
Munich.
(3) Dr. Norbert Reithofer

Working with Briant (latino) AC
Bil Brew Library, to work in transaction
over purchasing BMWs, engines either
remanufacturer or rebuilt engine, which
P.5   would be also getting Chevy Silva shade
and Ford-150 four door; Trucks
that are not running 2017-2019
replace engines with rebuilt engine:

Whats with Elnission TV

Univision Communication Inc. TV Response 34
5999 Center Drive
Los Angeles, Calif 90045-0073
E-mail: support@univision.com
uvel@hk.com

Univision
Phone (866)735-4057
E-mail: gmulvey@Univision.com
Kevin Valdez/email: Kvaldez@univision.net
http://www.univision.com

KUVN-DT Dallas-Fort Worth
Web: www.univisiondallas.com
Main Station E-mail: 23@univision.net
Phone: (214) 758-2300
address: 2323 Bryan Street, 1900, Dallas TX 75201

New York Media Directory
http://en.wikipedra.org/wiki/WxTVnDT
contacts: noticias 41 ny@univision.net
Phone: +1 (888) 416-6842

Its Common Sence for Metreo
and Tetas with California to
join with for starter Democratiz

Republic of Congos-Africa especially over
the 4 billion barrels of Crude-Oil from
Nigeria-Angola and remove the racist
anti-Latino so called Neo Nazi Ku Klu & Klan
wall the Politicians are building that
seperate USA and Mexicos:
     Submission @ warner chappellpm.com
     Kinshasa Times
Democratic Republic of Congos- Africa
http://www.kinshasatimes.cd/
ministerecard @ gmail.com
moyamajoe @ gmail.com
ACSkinshasa @ state.gov
USEmbassy Kinshasa @ state.gov
Kinshasa IV @ state.gov
ConsalarKolkata @ state.gov
Support- india @ ustraveldocs.com
Address: 154 Boulevard du 30 juin
Kinshasa/Gombe. Telephone (243)998236161
P.7  (243)898764064)

Contact Us — US Embassy Kinshasa
Congolese Mailing Address: Ambassade
des Etats- Unis 310, Avenue des Aviateurs
Kinshasa, Gombe Republique Democratique
du Congo. or Ambassade des Etats-Unis

Case: 2:22cv5465   Doc: 7

Rickey L. Alford
10728 South Central Avenue
Los Angeles, CA 90059

MIME-Version:1.0 From:cacd_ecfmail@cacd.uscourts.gov To:noreply@ao.uscourts.gov
Message-Id:<35048893@cacd.uscourts.gov>Subject:Activity in Case 2:22-cv-05465-AB-AS Rickey
Louis Alford v. Kenneth C. Byrne et al Report and Recommendation (Issued) Content-Type: text/html

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT
RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy
permits attorneys of record and parties in a case (including pro se litigants) to receive one free
electronic copy of all documents filed electronically, if receipt is required by law or directed by
the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of
each document during this first viewing. However, if the referenced document is a transcript, the
free copy and 30 page limit do not apply.**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

**Notice of Electronic Filing**
The following transaction was entered on 12/14/2022 at 4:46 PM PST and filed on 12/14/2022

| | |
|---|---|
| **Case Name:** | Rickey Louis Alford v. Kenneth C. Byrne et al |
| **Case Number:** | 2:22-cv-05465-AB-AS |
| **Filer:** | |
| **Document Number:** | 7 |

**Docket Text:**
**REPORT AND RECOMMENDATION issued by Magistrate Judge Alka Sagar. Re Complaint
[1] (hr)**

**2:22-cv-05465-AB-AS Notice has been electronically mailed to:**
**2:22-cv-05465-AB-AS Notice has been delivered by First Class U. S. Mail or by other means BY
THE FILER to :**
Rickey L. Alford
10728 South Central Avenue
Los Angeles CA 90059

1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10
   RICKEY LOUIS ALFORD,               Case No. CV 22-5465-AB (AS)
11
                 Plaintiff,
12                                     **REPORT AND RECOMMENDATION OF**
        v.
13                                     **UNITED STATES MAGISTRATE JUDGE**
   KENNETH C. BYRNE, et al.,
14
                 Defendants.
15

16       This Report and Recommendation is submitted to the Honorable
17   André Birotte Jr., United States District Judge, pursuant to 28
18   U.S.C. § 636 and General Order 05-07 of the United States District
19   Court for the Central District of California.
20

21                               **INTRODUCTION**
22

23       On August 3, 2022, Rickey Louis Alford ("Plaintiff"), a
24   California resident proceeding pro se and in forma pauperis ("IFP")
25   filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983
26   ("Complaint"). (Dkt. No. 1). On October 31, 2022, the Court issued
27   an Order to Show Cause Re Claim Preclusion ("OSC"), requiring
28

1 | Plaintiff to show cause, in writing, by no later than November 30,
2 | 2022, as to why this action should not be dismissed with prejudice
3 | for claim preclusion and other grounds. (Dkt. No. 5). The Order to
4 | Show Cause expressly warned Plaintiff that "failure to timely
5 | respond to th[e] Order will result in a recommendation that this
6 | action be dismissed with prejudice under Federal Rule of Civil
7 | Procedure 41(b) for failure to prosecute and obey court orders."
8 | (OSC at 2).
9 |
10 |     To date, Plaintiff has failed to respond to the Court's Order
11 | to Show Cause Re Claim Preclusion or otherwise to communicate with
12 | the Court in any respect since filing his Complaint. Plaintiff
13 | appears to have lost interest in this litigation. Accordingly, for
14 | the reasons discussed below, it is recommended that this action be
15 | DISMISSED with prejudice (1) for failure to prosecute and for
16 | disobeying court orders, pursuant to Rule 41(b) of the Federal
17 | Rules of Civil Procedure; and (2) alternatively, for failure to
18 | state a claim for relief.
19 |
20 | **DISMISSAL PURSUANT TO RULE 41(b)**
21 |
22 | **A.    Legal Standard**
23 |
24 |     "Pursuant to Federal Rule of Civil Procedure 41(b), the
25 | district court may dismiss an action for failure to comply with
26 | any order of the court." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260
27 |
28 |

2

(9th Cir. 1992); Fed. R. Civ. P. 41(b);[1] see also Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 947 (9th Cir. 1976) ("[A] District Court has the power to dismiss a claim of a plaintiff with prejudice [pursuant to Rule 41(b)] for failure to comply with an order of the court."). Moreover, "[a]ll federal courts are vested with inherent powers enabling them . . . to ensure obedience to their orders." United States v. W.R. Grace, 526 F.3d 499, 509 (9th Cir. 2008) (en banc) (citations and internal quotation marks omitted); Aloe Vera of Am., Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004) (per curiam); see also Ferdik, 963 F.2d at 1260 ("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" (citation omitted)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Chambers v. NASCO, Inc., 501 U.S. 32, 43

---

[1] Rule 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[W]hereas the plain language of Rule 41(b) suggests that [involuntary] dismissals may only result from a defendant's motion, . . . courts may dismiss under Rule 41(b) sua sponte . . . ." Hells Canyon Preservation Council v. United States Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005); see also Link v. Walsh R.R. Co., 370 U.S. 626, 630 (1962) ("Neither the permissive language of . . . Rule [41(b)] — which merely authorizes a motion by the defendant — nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.").

1   (1991) (quoting <u>Link v. Walsh R.R. Co.</u>, 370 U.S. 626, 630-31

2   (1962)).

3

4       In determining whether to dismiss a case for failure to comply

5   with a court order, district courts must weigh five factors: "(1)

6   the public's interest in expeditious resolution of litigation; (2)

7   the court's need to manage its docket; (3) the risk of prejudice

8   to the defendant; (4) the public policy favoring disposition of

9   cases on their merits and (5) the availability of less drastic

10  sanctions."[2] <u>Olmstead v. Dell, Inc.</u>, 594 F.3d 1081, 1084 (9th Cir.

11  2010), <u>overruled on other grounds by</u> <u>Langere v. Verizon Wireless</u>

12  <u>Servs., LLC</u>, 983 F.3d 1115, 1117 (9th Cir. 2020) (citation

13  omitted); <u>Bautista v. Los Angeles Cty.</u>, 216 F.3d 837, 841 (9th Cir.

14  2000).

15

16      The Ninth Circuit "may affirm a dismissal where at least four

17  factors support dismissal . . . or where at least three factors

18  "strongly" support dismissal." <u>Yourish v. California Amplifier</u>,

19  191 F.3d 983, 990 (9th Cir. 1999) (quoting <u>Hernandez v. City of El</u>

20  <u>Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998)).

21

22

23

24

25      [2] "These factors 'are not a series of conditions precedent
    before the judge can do anything,' but a 'way for a district judge
26  to think about what to do." <u>In re Phenylpropanolamine (PPA) Prod.</u>
    <u>Liab. Litig.</u>, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting <u>Valley</u>
27  <u>Eng'rs Inc. v. Elect. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir.
    1998)).
28

**B.    The Five Factors Support Dismissal**

    **1.    The Public's Interest in Expeditious Resolution of Litigation**

    The Ninth Circuit has explained, as to the first factor, that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) (internal quotation omitted). Here, Plaintiff has failed to respond to the Court's Order to Show Cause Re Claim Preclusion, dated October 31, 2022, and has not otherwise communicated with the Court since filing his Complaint on August 3, 2022. This factor therefore weighs in favor of dismissal. See Pagtalunan, 291 F.3d at 642 (Plaintiff's failure to pursue the case for almost four months weighed in favor of dismissal).

    **2.    The Court's Need to Manage Its Docket**

    The second factor - the Court's need to manage its docket - similarly weighs in favor of dismissal. Courts have the "power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, the second factor focuses on whether a particular case has "consumed . . . time that could have been devoted to other cases on the [court's] docket." See Pagtalunan, 291 F.3d at 642; Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065

1  (9th Cir. 2004) ("[R]esources continue to be consumed by a case
2  sitting idly on the court's docket.").

4  On October 31, 2022, the Court issued an Order to Show Cause
5  Re Claim Preclusion, requiring Plaintiff to show cause, in writing,
6  by no later than November 30, 2022, as to why this action should
7  not be dismissed with prejudice for claim preclusion and other
8  grounds. (Dkt. No. 5). To date, Plaintiff has not responded to the
9  Order to Show Cause, sought an extension of time to do so, or
10 otherwise communicated with the Court. As a result, the Court
11 remains unaware whether Plaintiff intends to proceed with this
12 matter.

14 The Court expended valuable time reviewing Plaintiff's
15 Complaint and preparing the Order to Show Cause. As a result,
16 Plaintiff's case has "consumed . . . time that could have been
17 devoted to other cases on the [court's] docket." See Pagtalunan,
18 291 F.3d at 642. The Court cannot continue to spend valuable
19 resources attempting to move forward a case that Plaintiff does
20 not wish to expeditiously pursue. Consequently, the Court's need
21 to manage its docket favors dismissal.

23 **3.    The Risk of Prejudice to Defendants**

25 The third factor - the risk of prejudice to the defendant -
26 also favors dismissal. "A defendant suffers prejudice if the
27 plaintiff's actions impair the defendant's ability to go to trial
28 or threaten to interfere with the rightful decision of the case."

1  <u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217,

2  1227 (9th Cir. 2006) (quoting <u>Adriana Int'l Corp. v. Thoeren</u>, 913

3  F.2d 1406, 1412 (9th Cir. 1990)). "[T]he risk of prejudice to the

4  defendant is related to the plaintiff's reason for defaulting in

5  failing to timely amend." <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983,

6  991 (9th Cir. 1999); <u>see also</u> <u>Malone v. U.S. Postal Serv.</u>, 833 F.2d

7  128, 131 (9th Cir. 1987) ("Whether prejudice is sufficient to

8  support an order of dismissal is in part judged with reference to

9  the strength of the plaintiff's excuse for the default.").

10

11       Here, Plaintiff has proffered no excuse for his failure to

12  comply with the Court's Order, <u>see</u> <u>In re Phenylpropanolamine (PPA)</u>

13  <u>Prod. Liab. Litig.</u>, 460 F.3d at 1227 ("The law . . . presumes

14  prejudice from unreasonable delay."); <u>Pagtalunan</u>, 291 F.3d at 643

15  ("[Unreasonable] delay inherently increases the risk that

16  witnesses' memories will fade and evidence will become stale.");

17  <u>In re Eisen</u>, 31 F.3d 1447, 1452 (9th Cir. 1994) ("[T]he failure to

18  prosecute diligently is sufficient by itself to justify dismissal

19  . . . [t]he law presumes injury from unreasonable delay.") (quoting

20  <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976)),

21  and he has not communicated with the Court since filing his

22  complaint over four months ago. Given the length of delay and the

23  absence of any explanation for it, the Court finds Plaintiff's

24  delay in prosecuting this case to be unreasonable. Accordingly,

25  prejudice is presumed and weighs in favor of dismissal.

26

27

28

7

1  **4.  Public Policy Favoring Disposition on the Merits**

2

3      The fourth factor — the public policy favoring the disposition

4  of cases on their merits — ordinarily, as here, weighs against

5  dismissal. See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.,

6  460 F.3d at 1228. However, "this factor 'lends little support' to

7  a party [such as Plaintiff,] whose responsibility it is to move a

8  case toward disposition on the merits but whose conduct impedes

9  progress in that direction." Id.; see also Morris v. Morgan Stanley

10 & Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed

11 a  policy  favoring  disposition  on  the  merits,  it  is  the

12 responsibility of the moving party to move towards that disposition

13 at  a  reasonable  pace,  and  to  refrain  from  dilatory  and  evasive

14 tactics."); Moralez v. City of Fresno, 2006 WL 2085036, at *2 (E.D.

15 Cal. July 25, 2006) ("Public policy favoring disposition of cases

16 on their merits also has little or no weight in actions where

17 plaintiffs lack enough of an interest to file an amended complaint.

18 The public and the court have no interest in determining the truth

19 or falsity of the allegations that [p]laintiffs might raise in an

20 amended  complaint  if  [p]laintiffs  never  file  an  amended

21 complaint.").

22

23 **5.  Availability of Less Drastic Alternatives**

24

25      Less drastic alternatives to dismissal include warning a party

26 that dismissal could result from failure to obey a court order.

27 See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 n.1 (9th Cir.

28 1987) (internal quotation marks omitted). The Ninth Circuit has

1  explained that "[a] district court need not exhaust every sanction
2  short of dismissal before finally dismissing a case, but must
3  explore possible and meaningful alternatives." Henderson v. Duncan,
4  779 F.2d 1421, 1424 (9th Cir. 1986). Furthermore, "a district
5  court's warning to a party that his [or her] failure to obey the
6  court's order will result in dismissal can satisfy the
7  'consideration of alternatives' requirement." Ferdik, 963 F.2d at
8  1262 (citing Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at
9  1424).

10

11      Here, the Court considered and implemented less drastic
12  alternatives prior to dismissal. Specifically, upon recognizing
13  that the Complaint appeared subject to dismissal for claim
14  preclusion and other grounds, the Court issued the Order to Show
15  Cause Re Claim Preclusion, thus giving Plaintiff an opportunity to
16  demonstrate why the case should be permitted to proceed, rather
17  than immediately dismissing the Complaint on the grounds set forth
18  in that Order. The Order also expressly warned Plaintiff that
19  failure to timely respond "will result in a recommendation that
20  this action be dismissed with prejudice." (OSC at 2). Plaintiff
21  nonetheless failed to respond in any respect. On this record, the
22  Court finds that Plaintiff has lost interest in his own lawsuit,
23  and any less drastic alternatives to dismissal would be inadequate
24  to remedy Plaintiff's failure to prosecute and obey Court orders.

25

26

27

28

**C.    Dismissal of This Action Under Rule 41(b) Is Appropriate**

As discussed above, four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor (at best) slightly weighs against dismissal. "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." Rio Prop., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002); see also Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011) (quoting Yourish, 191 F.3d at 990) ("We may affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal.").

Rule 41(b) states, in relevant part, "dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The Court recommends dismissal of this action because of Plaintiff's failure to prosecute and obey Court orders. As this case does not fall into one of the three exceptions set out in Rule 41(b), the dismissal will operate as an adjudication on the merits. The dismissal will thus be with prejudice to Plaintiff's refiling of a new complaint based on the same allegations. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser

1  Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001) (dismissal

2  for failure to prosecute is treated as adjudication on the merits

3  (citing United States v. Schimmels (In re Schimmels), 127 F.3d 875,

4  884 (9th Cir. 1997)).

5

6              **DISMISSAL FOR CLAIM PRECLUSION AND OTHER GROUNDS**

7

8       Plaintiff's Complaint sues the following defendants in their

9  individual and official capacities: (1) Kenneth C. Byrne, Deputy

10 Attorney General; (2) Alex Villanueva, Los Angeles County Sheriff;

11 (3) George Gascon, Los Angeles County District Attorney; (4) Ken

12 McWard, Captain, Los Angeles County Sheriff's Department ("LASD");

13 and (5) Laura E. Lecrivain, Captain, LASD.[3] (Dkt. No. 1). Liberally

14 construed, the Complaint claims Defendants violated Plaintiff's

15 right to a speedy trial, among other rights, when he was arrested

16 in March 2020 for failure to register as a sex offender but was

17 not arraigned until four months later and was kept in custody for

18 eighteen months without a preliminary hearing. (Compl. at 4-6).

19 Plaintiff also alleges that he was placed in isolation for nine

20 months after complaining to the state court about these delays,

21 and he was forcibly medicated without having been examined by a

22 court-appointed psychiatrist. (Compl. at 4-5).

23

24      Plaintiff previously raised essentially the same claims and

25 allegations in another case in this Court, Alford v. Villanueva,

26  ───────────────

27          [3] Capt. Lecrivain is listed in the caption but is not included
    among the list of defendants within the Complaint. (See Compl. at
28  1-3).

                                    11

CV 21-9483-AB (AS), which also involved the same defendants, except for Deputy Attorney General Byrne, who was not named in the previous case. In that case, the Court dismissed the Complaint with leave to amend and ordered Plaintiff to file a First Amended Complaint within thirty days. Id., Dkt. No. 6 (Order of January 27, 2022). When that Order was returned to the Court as undeliverable, the Court issued an Order to Show Cause directing Plaintiff to respond as to why the case should not be dismissed with prejudice for failure to prosecute. Id., Dkt. No. 10 (Order of March 28, 2022). Plaintiff was warned that failure to comply would result in a recommendation of dismissal with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders. Id., Dkt. No. 10 at 2. That Order, too, was returned to the Court as undeliverable. Id., Dkt. No. 11. On April 22, 2022, having received no word from Plaintiff since the Complaint was filed more than four months earlier, the Magistrate Judge recommended that the case be dismissed with prejudice for failure to prosecute and for disobeying court orders, pursuant to Rule 41(b). Id., Dkt. No. 13. In making that recommendation, the Magistrate Judge assessed the five relevant factors and determined that four of the five factors strongly weighed in favor of dismissal. Id., Dkt. No. 13 at 5-13. The Court subsequently accepted the Magistrate Judge's recommendation and entered Judgment on June 7, 2022, dismissing the case with prejudice. Id., Dkt. Nos. 16, 17.

The Court's Rule 41(b) dismissal with prejudice of that case, CV 21-9483-AB (AS), operated as a final judgment on the merits,

1  which precludes Plaintiff from filing subsequent cases against the

2  same parties on claims that were raised or could have been raised

3  in that case, under the doctrine of claim preclusion (or res

4  judicata). See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.

5  2002). Specifically, claim preclusion generally applies when a

6  prior federal action "(1) involved the same 'claim' or cause of

7  action as the later suit, (2) reached a final judgment on the

8  merits, and (3) involved identical parties or privies." Mpoyo v.

9  Litton Electro-Optical Systems, 430 F.3d 985, 987 (9th Cir. 2005)

10  (citation omitted); see also Hells Canyon Preservation Council v.

11  United States Forest Service, 403 F.3d 683, 686 (9th Cir. 2005)

12  ("[T]he 'final judgment' prong of the res judicata test is claim-

13  specific."). When determining whether a pending lawsuit involves

14  the "same claim or cause of action" as a prior federal action,

15  courts consider four criteria, specifically "(1) whether the two

16  suits arise out of the same transactional nucleus of facts; (2)

17  whether rights or interests established in the prior judgment would

18  be destroyed or impaired by prosecution of the second action; (3)

19  whether the two suits involve infringement of the same right; and

20  (4) whether substantially the same evidence is presented in the

21  two actions." Mpoyo, 430 F.3d at 987 (citation omitted). Such

22  criteria are not to be applied "mechanistically." Id. (citation

23  omitted). Under the first criterion, "a transaction test [is used]

24  to determine whether the two suits share a common nucleus of

25  operative fact." Id. (citation omitted). "Whether two events are

26  part of the same transaction or series depends on whether they are

27  related to the same set of facts and whether they could conveniently

28  be tried together." Id. (citation omitted). While all four criteria

13

1   must be considered, the "common nucleus" criterion often will be

2   "outcome determinative" as to whether two suits share the "same

3   claim or cause of action[]" for purposes of the claim preclusion

4   first element. See Garity v. APWU Nat'l Labor Org., 828 F.3d 848,

5   855 (9th Cir. 2016) (citation and quotation marks omitted).

6

7       Here, because the present Complaint raises virtually the same

8   claims   against   Defendants   Villanueva,   Gascon,   McWard,   and

9   Lecrivain,  predicated  on  basically  the  same  core  factual

10  allegations as the previous case that was dismissed with prejudice,

11  claim  preclusion  bars  this  case,  at  least  with  respect  to

12  Defendants Villanueva, Gascon, McWard, and Lecrivain. Indeed, given

13  the  duplicative  nature  of  this  case,  in  which  Plaintiff  is

14  proceeding IFP, Plaintiff's claims also appear subject to dismissal

15  as   frivolous   and/or   malicious   pursuant   to   28   U.S.C.   §

16  1915(e)(2)(B)(ii). See Cato v. United States, 70 F.3d 1103, 1105

17  n.2 (9th Cir. 1995) ("independent ground for dismissal" of action

18  pursuant to IFP statute where complaint "merely repeats pending or

19  previously litigated claims") (citations omitted); Diamond v. City

20  of Los Angeles, 700 F. App'x 727, 728 (9th Cir. 2017) (district

21  court did not abuse its discretion by dismissing action that was

22  duplicative  of  plaintiff's  earlier  action  against  the  same

23  defendant in the same district court) (citation omitted); Bailey

24  v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam) (noting

25  in context of "motion to proceed IFP on appeal" that "a duplicative

26  action arising from the same series of events and alleging many of

27  the same facts as an earlier suit . . . is subject to dismissal

28  under [former 28 U.S.C. § 1915(d)] as malicious") (citations and

14

quotation marks omitted); see, e.g., Kroncke v. City of Phoenix, 606 F. App'x 382, 384 (9th Cir. 2015) (court did not err by dismissing based on frivolousness identical claim plaintiff had raised in prior action); Davis v. Alameida, 321 F. App'x 632 (9th Cir. 2009) (district court properly dismissed IFP action in which plaintiff "sought to bring a claim that had been dismissed in a prior action and failed to state a claim for relief[]") (citing Cato, 70 F.3d at 1105 n.2).

In addition, although Defendant Deputy Attorney General Byrne was not named in the previous case – and so claims against him are not barred on the same grounds stated above – the claims against Byrne also warrant dismissal, regardless, because Byrne cannot be held liable for any of the conduct at issue in the Complaint. The Complaint asserts, in conclusory fashion, that Deputy Attorney General Byrne conspired with the other Defendants to violate Plaintiff's right to a speedy trial and other rights regarding his detention and criminal prosecution following the March 2020 arrest. (See Compl. at 5-6). However, there is nothing to suggest that Byrne or the California Attorney General's Office had any material role in these matters. Instead, Byrne's only apparent role in the matter was to serve as counsel for respondent in a federal habeas action filed in this Court in September 2021, in which Plaintiff also raised essentially the same challenges raised here. See Alford v. Villanueva, CV 21-7584-AB (AS). In the Complaint here, Plaintiff contends that Byrne wrongly argued in the habeas action that Plaintiff had no right to a preliminary hearing in his state criminal case. (Comp. at 5; see Alford, CV 21-7584-AB (AS), Dkt.

15

1  dismissal with prejudice is warranted. See <u>Mujica v. AirScan Inc.</u>,

2  771 F.3d 580, 593 & n.8 (9th Cir. 2014).

3

4      Accordingly, this action alternatively warrants dismissal

5  with prejudice for claim preclusion, as to claims against

6  Defendants Villanueva, Gascon, McWard, and Lecrivain; and for

7  failure to state any viable claim for relief, as to claims against

8  Defendant Byrne.

9

10                          **RECOMMENDATION**

11

12      It is recommended that the Court issue an Order (1) accepting

13  and adopting this Report and Recommendation; and (2) directing that

14  Judgment be entered dismissing this action with prejudice.

15

16  Dated: December 14, 2022

17

18                                  /s/
                        _____
                             ALKA SAGAR
19                  UNITED STATES MAGISTRATE JUDGE

20

21                             **NOTICE**

22

23      Reports and Recommendations are not appealable to the Court

24  of Appeals, but may be subject to the right of any party to file

25  objections as provided in the Local Rules Governing the Duties of

26  Magistrate Judges and review by the District Judge whose initials

27  appear in the docket number. No Notice of Appeal pursuant to the

28

                                17

1  Federal Rules of Appellate Procedure should be filed until entry
2  of the Judgment of the District Court.

Rickey Louis Alford
10728 South Century Ave
Los Angeles, CA 90059



U.S. POSTAGE PAID
FCM LG ENV
LOS ANGELES, CA
90059
JAN 10, 23
AMOUNT
**$2.40**
R2304M112829-05

RDC 99            90012

FIRST CLASS



Clerk of the Court
United States District Court
Central District of California
255 East Temple Street
Los Angeles, CA 90012

